UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONARD DAVIS                                CIVIL ACTION

VERSUS                                       NO: 18-1592

JANE DOE, ET AL.                             SECTION: "J"(1)

**ORDER**

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiff, Leonard Davis, and two oppositions thereto (Rec. Docs. 11, 12) filed by Defendants, Jane Doe and the Administrators of the Tulane Educational Fund. Plaintiff has also filed a reply (Rec. Doc. 18). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

On October 27, 2016, Plaintiff filed the instant lawsuit against Jane Doe ("Doe") in the Civil District Court Parish of Orleans, State of Louisiana. In his initial petition, Plaintiff sought damages for defamation and intentional infliction of emotional distress against Doe based on claims that Doe had allegedly submitted a false complaint accusing Plaintiff of sexually assaulting her on the campus of Tulane University. On September 11, 2017, Plaintiff filed a First Supplemental and Amended Petition for Damages ("First Amended Petition"), adding

the Administrators of the Tulane Educational Fund ("Tulane") as a second defendant in the case. Notably, none of the claims asserted in either of the two petitions were based on federal law.[1]

On January 26, 2018, Plaintiff filed a Motion for Leave to File a Second Supplemental and Amended Petition ("Second Amended Petition").[2] On January 30, 2018, the state court scheduled a hearing ordering Defendants, Doe and Tulane, to appear and to show cause on March 9, 2018, why Plaintiff should not be granted leave to file a Second Amended Petition. However, on February 15, 2018, almost a month before the scheduled hearing, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331, federal question subject matter jurisdiction.[3] Shortly thereafter, Plaintiff filed the instant motion to remand arguing that Defendants' removal of the action was premature. The Court agrees.

"The jurisdictional facts that support removal must be judged at the time of the removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). "To determine whether jurisdiction is present for removal, [the court shall] consider the claims in

---

[1] In fact, in his First Amended Petition, Plaintiff expressly denied that his claims were based "in any way" upon Title IX of the United States Education Amendments of 1972, 28 U.S.C. § 1681 et seq. ("Title IX").

[2] Plaintiff's proposed Second Amended Petition references numerous alleged violations of Tulane's contractual obligations set forth in its Code of Conduct and Student Handbook. For example, Plaintiff alleges, *inter alia*, that "Tulane failed to satisfy procedural and substantive obligations owed to [Plaintiff] under Tulane's own policies and procedures, including . . . Tulane's Student Handbook, including Title IX responsibilities." (Rec. Doc. 1-10 at 44).

[3] Defendants acknowledge that they incorrectly stated in their Notice of Removal that Plaintiff's motion for leave was granted on January 30, 2018, when, in fact, the motion for leave had only been set for hearing.

the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Here, Defendants filed their notice of removal before the state trial court had the opportunity to hear and rule on Plaintiff's controverted motion for leave. Therefore, at the time of removal, the record was devoid of any petition or amended petition containing claims which gave rise to federal subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 7)** is **GRANTED** and the case is hereby **REMANDED** to the Civil District Court Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 1st day of May, 2018

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE